IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:19-CV-11-D

| | | |
|---|---|---|
| GAIL MAJOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON BILL OF COSTS** |
| | ) | |
| CAPE FEAR ACADEMY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the clerk on the unopposed application for costs [DE-29] filed by defendant Cape Fear Academy. For the reasons set forth below, it is GRANTED in part.

## BACKGROUND

Plaintiff commenced this action in this court by filing a complaint on January 16, 2019. Defendant moved for summary judgment January 30, 2020, and the court granted that motion on June 26, 2020. The clerk entered judgment on June 29, 2020. Defendant timely filed its application for costs on July 10, 2020, and plaintiff did not respond thereto.

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1

"further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014).

In this case, defendant seeks $677.85 in costs for fees of printed or electronically recorded transcripts necessarily obtained for use in the case pursuant to § 1920(2), and $103.10 for the costs of making copies necessarily obtained for use in the case pursuant to § 1920(4). The latter costs are properly supported and allowed in full. The supporting documentation for the former costs, however, shows charges for deposition exhibit copies and shipping and handling. This court has construed § 1920(2) and Local Civil Rule 54.1 as not encompassing those charges. See Dutton v. Wal-Mart Stores East, L.P., No. 4:11-CV-94-BO, 2015 WL 1643025, at *2 (E.D.N.C. March 13, 2015) ("In construing 28 U.S.C. § 1920 and Local Civil Rule 54.1, this court has also denied fees for copies of deposition exhibits, read and sign, rough drafts, litigation support packages, ASCII disks, shipping, handling and expedited processing."); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Accordingly, only transcript costs in the amount of $650.40 are allowed.

## CONCLUSION

For the forgoing reasons, the application for costs [DE-29] is GRANTED in part. As the prevailing party, defendant Cape Fear Academy is awarded (1) $650.40 in costs pursuant to § 1920(2) and (2) $103.10 in costs pursuant to § 1920(4). Total costs in the amount of $753.50 are taxed against plaintiff Gail Major and shall be included in the judgment.

SO ORDERED. This the 13 day of August, 2020

_____
Peter A. Moore, Jr.
Clerk of Court

3
Case 7:19-cv-00011-D   Document 30   Filed 08/13/20   Page 3 of 3